UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ISRAEL STALEY. | ) CASE NO. 4:07CV1708 |
| | ) |
| Petitioner | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| -vs- | ) |
| | ) |
| WARDEN, F.C.I. ELKTON. | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Respondent. | ) |

Pro se petitioner Israel Staley filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Tennessee. Staley v. Warden, No. 2:06cv2161 (W.D. Tenn. Filed Mar. 15, 2006). Mr. Staley sought a determination as to whether he is entitled to have his state and federal sentences run concurrently. Upon initial review, the court determined that the petition was improperly filed in the Western District of Tennessee because § 2241 requires that the district court have personal jurisdiction over the petitioner's custodian. Id. (Order of 5/31/07.) Inasmuch as Mr. Staley was and is incarcerated at

the Federal Correctional Institution (F.C.I. Elkton), his custodian is the warden at F.C.I. Elkton in Elkton, Ohio. Thus, because respondent is located within the jurisdiction of the Northern District of Ohio, Mr. Staley's petition was transferred to this court. Id. A certified copy of the docket and order of transfer were received by this court on June 8, 2007. The matter is now before the court for review.

*Background*

Petitioner alleges he was arrested on January 22, 2004. He was named in a two count indictment in the United States District Court for the Western District of Tennessee charging him with fraud and information fraud. See United States v. Staley, No. 2:03cr20277-1 (W.D. Tenn). At some point thereafter, he pleaded guilty to one count of the indictment. The court sentenced him to 104 months imprisonment on October 8, 2004. He filed an appeal of his sentence in the Sixth Circuit Court of Appeals, which is still pending.

In his petition before this court, Mr. Staley claims that he was "promised a concurrent counting to credit (104) months, with Federal Sentence. Except, the promised 'Concurrent Counting' is not forthcoming, and therefore, it leaves a 'State Sentence', to be served in the future, after completing service of Federal Prison Sentence." (Pet. at 10.) The petition does not identify what court provided this assurance to Mr. Staley or when this sentence was imposed.

Mr. Staley claims that he will be in federal custody until August 21, 2011. Without providing the date it occurred, he adds that a detainer was placed on him by the "Tennessee Parole and Probation Director." Petitioner maintains that he is ultimately "trying to return to Camp Level, to better prepare himself for a successful re-entry into society." (Pet. at 12.)

2

*28 U.S.C. § 2241*

As a threshold matter, federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir.1981). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 may the prisoner then seek § 2241 judicial review. United States v. Oglesby, No. 02-3143, 714, 2002 WL 31770320, at *2 (6th Cir. Dec. 9, 2002) (citing United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir.1996)).

The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, a wholly judicially created requirement. See Wesley v. Lamanna, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001). Unlike a PLRA-imposed exhaustion requirement, the judicially created administrative remedy exhaustion requirement does permit waiver of further exhaustion in the face of futility. Aron v. LaManna, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing McKart v. United States, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982)). Resort to administrative remedies is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." James v. United States Dept. of Health and Human Services, 824 F.2d 1132, 1139 (D.C.Cir.1987).

Here administrative remedies clearly exist, see 28 C.F.R. § 542.10, and nothing in the record indicates that it would have been futile for Mr. Staley to pursue his administrative

remedies or that those remedies would have been unable to afford him the relief he requests. See McKart, 395 U.S. at 200 (petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply); Goar, 688 F.2d at 28-29. As the Sixth Circuit has noted, "[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." Urbina v. Thoms, 270 F.3d 292, 295 n. 1 (6th Cir.2001) (quoting Taylor v. United States, No. 95-5150, 1995 WL 460512 (6th Cir. Aug.2,1995)). Thus, it is proper to dismiss this petition because petitioner had not exhausted his administrative remedies before filing his petition in this court.

Based on the foregoing, this action is dismissed without prejudice for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2241. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

FILED

SEP 14 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

_____
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE